### McGOWAN v. TREACY.

(Supreme Court, Appellate Term. November 6, 1903.)

1. AGENCY—RATIFICATION.
    Where a subagent of a lessor received from a tenant a deposit to be applied on rent, the fact that the lessor subsequently accepted the tenant did not import a ratification of the subagent's act in receiving the deposit.

2. SAME—IMPLIED AUTHORITY.
    A subagent of a lessor, authorized to procure prospective tenants and submit their names to the landlord's agent, who had the leases in charge, had no implied power to collect rent for the landlord's account.

Appeal from Municipal Court, City of New York, Tenth District.

Action by Margaret McGowan against Patrick S. Treacy. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

C. W. Bennett, for appellant.

A. Lamont, for respondent.

PER CURIAM. The defendant, a subagent in the renting of premises, received $50 from the plaintiff as a deposit to be applied on the rent of the house for which she had made application. The premises had been placed by the landlord in the charge of the defendant as tenant, but, as is claimed, at the instance of some agent other than the defendant. The landlord refused to recognize defendant's act in accepting the money for rent, and the right of recovery in this

action turns upon the fact of agency in the defendant to receive the sum in suit for the landlord's account. The fact that the plaintiff was accepted as tenant after the dispute with the alleged agent arose did not import a ratification of his act in receiving the deposit. The acceptance of the tenant was not in any way inconsistent with the landlord's position that the lease was procured by some other agent, and, as between the landlord and tenant, there was no estoppel, because there was no actual reliance by the tenant upon the agent's claim of authority when the lease was made. The acceptance of rent was not within this agent's authority, which was simply to procure prospective tenants, and to submit their names to the landlord's agent who had the leases in charge, and there was no implied power to collect rent for the landlord's account.

Upon the facts in evidence, the justice's finding in favor of the plaintiff should not be disturbed, and the judgment is therefore affirmed, with costs.